### SMITH *v.* MARTIN *et al.*

(*City Court of Brooklyn, General Term.* June 22, 1891.)

MASTER AND SERVANT—DEFECTIVE APPLIANCE—EVIDENCE.

    Plaintiff, a boy employed to do general work in defendants' shops, was ordered by the foreman to wipe off a shaft from which oil was dripping. Not finding any cotton "waste," the foreman directed plaintiff to use an old bag, and while so engaged the bag and plaintiff's arm were drawn into the machinery. Plaintiff could not explain how the accident happened. There was evidence that cotton "waste" was the best thing to use for such purposes, being fibrous and absorbent. *Held*, that the evidence was not sufficient to take the case to the jury, and the complaint should have been dismissed.

Appeal from trial term.

Action by John W. Smith against Ephraim Martin and another. There was a judgment for plaintiffs, and defendants appeal.

Argued before CLEMENT, C. J., and OSBORNE, J.

*A. G. McDonald*, for appellant. *Dailey & Bell*, for respondent.

OSBORNE, J. This action is brought to recover damages alleged to have been suffered by plaintiff by reason of the loss of the services of his son, George H. Smith, owing to injuries which he received while in defendant's employ, which injuries, it is claimed, were due to defendant's negligence. It appears from the evidence that at the time plaintiff's son was injured he was in his nineteenth year, and had worked in defendant's shoe factory for about three years, his duties being apparently to make himself generally useful, whatever labors he might be called on to perform. The manner in which plaintiff's son sustained the injuries complained of may be best described by his own testimony. He testified as follows: "Upon this day, the 28th day of February, near 11 o'clock, the foreman came to me as I was working on the machine which I worked at scouring shoes, the heels of shoes, and said to me, 'George, there is some oil dripping off this shaft; go and wipe it off;' and I said, 'There is no waste,' and he said, 'You will find some around.' I said, 'There is none around;' and he said, 'Come, and I will find you some.' Accordingly he walked with me through part of the shop, and looked around, and found none. Then he went down to a corner of the shop in which there was no machinery, and which was seldom used, and saw in one corner a piece of bagging, and, pointing to this bagging, he said, 'Take that;' and I took this bagging and walked around to where this oil was dripping off, and the foreman with me, and climbed up, as there was at this place a tier of boxes into which lasts were thrown, and I climbed up these boxes and began to wipe

the oil off the shaft.   Then, as I was wiping this off,—I know not how it was, but in some manner this bagging became twisted around the shaft and jerked my arm in, and my arm was pulled around in a circle, so that my hand came out this way,—turned around and came out this way,—and the machinery was stopped, and they had to turn the wheels back to get my arm out, it was so twisted around the shaft and in the bagging.   This bagging was made of regular bagging material.   I think it was a piece of a bag cut off,—a side of a bag."   On his cross-examination he further testified: "*Question.* And your best impression is that you had done some rubbing on the shaft before the time you got caught?   *Answer.* It is.   *Q.* Now, how did you come to get caught?   *A.* I could not tell you.   I simply know that—in fact before I knew anything that bagging was around the shaft, and my hand was in the bagging, and my arm was around the shaft.   *Q.* You cannot give the jury any intelligent impression, then, of why it was that the bagging got caught in the shaft?   *A.* No, sir; no intelligent impression that I could—that would be any more than surmise."   The contention of the plaintiff was that defendants were negligent in furnishing the piece of bagging for the lad to use in wiping off the shafting, and evidence was offered to show that cotton waste was the usual and proper material for that purpose.   One of the reasons ascribed by the witnesses for using cotton waste for that purpose was that it was a loose, fibrous material, and did not hang together; but it was also proven that it was also used because it was more absorbent, and better to clean with, and freer from dirt.   At the close of plaintiff's case a motion was made to dismiss the complaint on the ground that no negligence had been shown on the part of the defendants.   This motion was denied, and defendants excepted.   The motion was renewed at the close of the testimony, and again denied, and exception taken thereto.   Plaintiff had a verdict, and from the judgment entered thereon, and the order denying a motion for a new trial, defendants now appeal.

We have very carefully examined this case, and are of the opinion that the motion to dismiss the complaint should have been granted.   We are at a loss to see in what way defendants were negligent in the duty they owed to plaintiff's son as his employers.   There was no duty cast upon the defendants to furnish the very best implements for the wiping of the oil off the shaft. While cotton waste may have been more desirable to use, a piece of bagging was equally well suited to accomplish the purpose desired.   There was nothing inherently dangerous in the use of the piece of bagging, nor was any instruction necessary in its use.   This lad, it must be remembered, was over 18 years old.   He had worked in that factory three years.   He knew the shaft was revolving at a rapid rate, and he did not require to be told that rapidly revolving shafting must be approached and handled with some degree of circumspection.   There is nothing to show positively how the accident did occur. It is surmised that one end of the bagging hanging down may have been caught on some projecting nut or screw, and, when thus caught, it rapidly wound round the shaft, the lad's arm at the same time becoming entangled in the piece of bagging.   But such a condition of affairs does not constitute negligence on defendant's part under the circumstances.   It seems to us that if any inference of negligence is to be drawn the lad was the negligent party. For the reasons stated the judgment and order denying a new trial must be reversed, and a new trial ordered, with costs to abide the event.